Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Juan C. Quiñones Santiago<br><br>Demandante<br><br>vs.<br><br>Joanmarie Quiñones Molina<br><br>Demandado | TA2025CE00178 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>F AC2016-0948<br><br>Sobre: Partición de Herencia |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores.

Rivera Colón, Juez Ponente

**RESOLUCION**

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Comparece Juan A. Sánchez Rivoleda (en lo sucesivo, Sr. Sánchez Rivoleda) y nos solicita la revisión de la Orden emitida el 20 de marzo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, foro primario o TPI). Mediante el referido dictamen, el foro primario reiteró una previa determinación de no reconocer al Sr. Sánchez Rivoleda como interventor en el presente pleito.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari*, por los fundamentos que expondremos a continuación.

**I.**

El 20 de marzo de 2025, el TPI emitió la Orden recurrida, mediante la cual denegó una solicitud de intervención interpuesta por el Sr. Sánchez Rivoleda. En el aludido dictamen, refirió al Sr. Sánchez Rivoleda a la Resolución emitida por el TPI el 16 de febrero de 2023, al igual que nuestra Sentencia confirmatoria,

---

[1] Notificada el 24 de junio de 2025.

dictada el 30 de abril de 2024.[2] En dicha ocasión, este foro intermedio decretó que el TPI actuó conforme a derecho al denegar la intervención del Sr. Sánchez Rivoleda, puesto que ese mismo petitorio había sido rechazado anteriormente, determinación que advino final y firme. En consecuencia, impusimos sanciones económicas al Sr. Sánchez Rivoleda por la interposición de un recurso frívolo ante este Tribunal.

En desacuerdo con la determinación del foro primario, el Sr. Sánchez Rivoleda recurre ante esta Curia y levanta el siguiente señalamiento de error:

> *Erró el TPI al decretar en su Orden de 20 de marzo de 2025, notificada el 24 de junio de 2025, al indicar que el Interventor-Acreedor no es interventor en este pleito y no tiene derecho a ser notificado de los procedimientos.*

**II.**

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025), imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

---

[2] Sentencia identificada con el alfanumérico KLCE202400427.

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

Luego de analizar el expediente ante nuestra consideración a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir el recurso discrecional presentado por el Sr. Sánchez Rivoleda.  Nada en el expediente demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, abuso de discreción o error manifiesto, por lo que el dictamen recurrido merece nuestra deferencia. En consecuencia, denegamos expedir el recurso solicitado, debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*.

### IV.

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, denegamos la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones